Case 1:16-cv-00095 Document 5 Filed in TXSD on 07/27/16 Page 1 of 10

United States District Court
Southern District of Texas
**ENTERED**
July 27, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **SYLVIA CORTINAS-BENAVIDES,** | § | |
| Petitioner, | § | |
| | § | |
| v. | § | **Civil Action No. 1:16-95** |
| | § | **Criminal No. 1:14-977-1** |
| **UNITED STATES OF AMERICA,** | § | |
| Respondent. | § | |

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

On May 16, 2016, Petitioner Sylvia Cortinas-Benavides ("Cortinas-Benavides") filed a Motion to Vacate, Set Aside, or Correct her Sentence pursuant to 28 U.S.C. § 2255. Dkt. No. 1.

The Court has an independent obligation to review the record and the pleadings. Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS. After reviewing the record and relevant case law, the Court **RECOMMENDS** Cortinas-Benavides's motion be **DENIED** because Cortinas-Benavides waived her right to file this petition. Furthermore, her claims are legally and substantively meritless.

**I. Procedural and Factual Background**

On December 2, 2014, a federal grand jury – sitting in Brownsville, Texas – indicted Cortinas-Benavides for illegally re-entering the United States after having been deported, a violation of 8 U.S.C. §§ 1326(a) and 1326(b)(1).[1] U.S. v. Sylvia Benavides-Valdez, Criminal No. 1:14-977-1, Dkt. No. 6 (hereinafter "CR").

**A. Rearraignment & Waiver of Appellate Rights**

On January 27, 2015, Cortinas-Benavides appeared before the Magistrate Judge and entered a guilty plea to illegally re-entering the United States. CR Dkt. No. 15. Her guilty

---

[1] The petitioner was indicted as Sylvia Benavides-Valdez. CR Dkt. No. 6, p. 2. She filed the instant petition as Sylvia Cortinas-Benavides, and the Court will use that name for the sake of consistency.

plea was pursuant to a written plea agreement. Id.

Cortinas-Benavides's written plea agreement indicates that she knowingly and voluntarily waived her appellate rights. CR Dkt. No. 15, ¶ 11

Paragraph 11 of the plea agreement provides:

> Defendant is aware that Title 18, United States Code, § 3742, affords a defendant the right to appeal the conviction and sentence imposed. The defendant knowingly and voluntarily waives the right to appeal the conviction and the sentence imposed, or the manner in which the sentence was determined. Additionally, the defendant is aware that Title 28, United States Code, § 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has become final. The defendant knowingly and voluntarily waives the right to contest his/her conviction or sentence by means of any post-conviction proceeding. If the defendant files a notice of appeal following the imposition of sentence, the government will seek specific performance of this provision. Nothing in the foregoing waiver of appellate and collateral review of rights shall preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum.

CR Dkt. No. 15, ¶ 11

The Magistrate Judge issued a report and recommendation, which recommended that the District Judge accept Cortinas-Benavides's guilty plea. CR Dkt. No. 13.

### B. Sentencing & Direct Appeal

In the final presentence report ("PSR"), Cortinas-Benavides was assessed a base offense level of eight for unlawfully re-entering the United States after having been convicted of a felony. CR Dkt. No. 32, p. 4. Cortinas-Benavides was also assessed an additional 16 level enhancement because – in 2010 – she had been convicted of the felony of smuggling undocumented aliens. Id.; See U.S.S.G. 2L1.2(b)(1)(A)(vii). Cortinas-Benavides received a three-level reduction for acceptance of responsibility. Id., p. 5. Thus, Cortinas-Benavides was accessed a total offense level of 21.

Regarding her criminal history, Cortinas-Benavides had two adult criminal convictions and was assessed five criminal history points. CR Dkt. No. 32, pp. 5-7. Cortinas-Benavides was assessed an additional two criminal history points because she was on

supervised release[2] at the time that she committed the instant offense. This resulted in a criminal history category of IV. Based upon Cortinas-Benavides's offense level of 21 and criminal history category of IV, the presentence report identified a guideline sentencing range of 57 to 71 months of imprisonment. Id., p. 11.

On August 10, 2015, the District Court adopted the Magistrate Judge's report and recommendation, accepting Cortinas-Benavides's guilty plea. CR Dkt. No. 28. On August 20, 2015, the District Court sentenced Cortinas-Benavides to 57 months imprisonment, three years of supervised release, and a $100 special assessment fee, which was remitted. CR Dkt. No. 37.  The judgment was entered on September 15, 2015. Id.

Neither the District Court docket nor the Fifth Circuit docket reflect the filing of a direct appeal.  A notice of appeal must be filed within fourteen (14) days from the entry of judgment. See FED. R. APP. P. 4(b)(1)(A), 26(a)(2).  Therefore, Cortinas-Benavides's deadline for filing a notice of direct appeal passed on September 29, 2015. Id.

### C. Motion to Vacate, Set Aside or Correct Sentence Pursuant to § 2255

On May 16, 2016, Cortinas-Benavides timely filed a motion pursuant to 28 U.S.C. § 2255, requesting that the District Court vacate, set aside, or correct her sentence. Dkt. No. 1.  In her motion, Cortinas-Benavides asserts that her sentence was unlawfully enhanced under the Armed Career Criminal Act ("ACCA") because she was subject to the residual clause that was deemed unconstitutional in Johnson v. U.S., 135 S. Ct. 2551 (2015). Dkt. No. 1, p. 4.

Pursuant to Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS, because the petition is meritless on its face, the Court has not ordered the Government to respond to the petition.

---

[2] Cortinas-Benavides was on supervised release following a 2011 conviction for illegally re-entering the United States after having been deported. CR Dkt. No. 32, p. 7.

## II. Applicable Law

### A. Section 2255

Cortinas-Benavides seeks relief pursuant to 28 U.S.C. § 2255. Dkt. No. 1. That section provides, as relevant here:

> (a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Where a petitioner exhausts or waives her direct appeal, the Court is entitled to presume that she stands fairly convicted. U.S. v. Frady, 456 U.S. 152, 164 (1982); U.S. v. Willis, 273 F.3d 592, 595 (5th Cir. 2001). A petitioner who seeks to challenge a final conviction by collateral attack, can do so on constitutional or jurisdictional grounds. 28 U.S.C. § 2255(a); U.S. v. Shaid, 937 F.2d 228, 233 (5th Cir. 1991). Generally, a petitioner may not raise on collateral attack issues that she failed to raise on direct appeal, absent a showing that the error constituted a "fundamental defect which inherently results in a complete miscarriage of justice." U.S. v. Addonizio, 442 U.S. 178, 185 (1979); Hill v. U.S., 368 U.S. 424, 428 (1962).

## III. Analysis

A court may entertain and decide a § 2255 motion without requiring the production of the prisoner at a hearing. 28 U.S.C. § 2255. Further, a district court may deny a § 2255 motion without an evidentiary hearing "only if the motion, files, and records of the case conclusively show the prisoner is entitled to no relief." U.S. v. Bartholomew, 974 F.2d 39, 41 (5th Cir. 1992). The record in this case satisfies this requirement, for which reason the motion can be decided without a hearing.

In analyzing Cortinas-Benavides's claim, the Court is required to construe allegations by pro se litigants liberally, to ensure that their claims are given fair and meaningful consideration, despite their unfamiliarity with the law. Haines v. Kerner, 404 U.S. 519, 520

(1972). Even applying this standard, neither the record – nor the law – support Cortinas-Benavides's claim.

### A. <u>Waiver of Appellate Rights</u>

Cortinas-Benavides waived her right to appeal or collaterally attack her sentence when she entered into the plea agreement with the United States. This waiver bars reliefs under 28 U.S.C. § 2255. <u>U.S. v. Wilkes</u>, 20 F.3d 651, 653 (5th Cir. 1994).[3]

"A defendant may waive his statutory right to appeal as part of a valid plea agreement, provided (1) his or her waiver is knowing and voluntary, and (2) the waiver applies to the circumstances at hand, based on the plain language of the agreement." <u>U.S. v. Rodriguez-Estrada</u>, 741 F.3d 648, 650 (5th Cir. 2014). In order for the waiver to be knowing and voluntary, "a defendant must know that he had a right to appeal his sentence, and that he was giving up that right." <u>U.S. v. Portillo</u>, 18 F.3d 290, 292 (5th Cir. 1994).

The record clearly indicates that Cortinas-Benavides knowingly and voluntarily waived her appellate rights. Cortinas-Benavides's plea agreement expressly states that she was aware of her right to directly appeal her sentence pursuant to 18 U.S.C. § 3742, and her right to collaterally attack her conviction and sentence, pursuant to 28 U.S.C. § 2255. CR Dkt. No. 15. That same paragraph also indicates that Cortinas-Benavides agreed to waive those rights.

Cortinas-Benavides has not provided any evidence to indicated that she was unaware of or misunderstood any of the terms within the plea agreement, or evidence to indicate that she pled guilty involuntarily. Consequently, the record establishes, without a doubt, that Cortinas-Benavides's waiver was knowingly and voluntarily made.

Moreover, Cortinas-Benavides's waiver clearly applies to this case, because she is attempting to collaterally attack her conviction and sentence pursuant to 28 U.S.C. § 2255,

---

[3] While the Court has not required the United States to reply to Cortinas-Benavides's petition, the Court "is entitled to conclude that the government wishes what it bargained for." <u>U.S. v. Del Toro-Alejandre</u>, 489 F.3d 721, 723-24 (5th Cir. 2007). Even if Cortinas-Benavides's had not waived her appellate rights, the result would be no different, as her claims are substantively meritless.

an avenue expressly foreclosed by her plea agreement. Therefore, the waiver should be enforced and the case should be dismissed based upon that waiver.

**B. Johnson is Inapplicable**

Even if Cortinas-Benavides had not waived her right to collaterally attack her conviction, her petition is meritle§. Cortinas-Benavides asserts that she is entitled to habeas relief in light of the recent Supreme Court decision Johnson v. U.S., 135 S. Ct. 2551 (2015). For the reasons discussed below, Johnson does not apply to Cortinas-Benavides's case, because she was not sentenced under the Armed Career Criminal Act ("ACCA").

In Johnson, the Supreme Court reviewed the lower court's application of 18 U.S.C. § 924(e), the ACCA. The ACCA requires a 15-year mandatory minimum term of imprisonment for anyone who violates § 922(g), having three or more prior convictions for a "serious drug offense" or a "violent felony." § 924(e)(1). The ACCA defines a "violent felony" as any crime that "is burglary, arson, or extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." § 924(e)(2)(B) (emphasis added). The just-listed and underlined portion of § 924 has been referred to as the Act's residual clause. Johnson, 135 S. Ct. at 2556.

Ultimately, the Supreme Court held that imposing an increased sentence under the ACCA's residual clause is a violation of due process. Johnson, 135 S. Ct. at 2557 (reasoning that the residual clause was unconstitutionally vague because it "denies fair notice to defendants and invites arbitrary enforcement by judges."). The Supreme Court has confirmed the retroactivity of Johnson as applied to the ACCA. See Welch v. U.S., 136 S. Ct. 1257 (2016) (holding that "Johnson announced a new substantive rule that has retroactive effect in cases on collateral review").

While this is the theory urged by Cortinas-Benavides, none of it applies to her case. Cortinas-Benavides was not sentenced under the ACCA, which applies only to convictions for unlawfully possessing a firearm under 18 U.S.C. § 922(g). 18 U.S.C. § 924(e). Instead, she was convicted for violating 8 U.S.C. §§1326(a) and 1326(b)(1). CR Dkt. No. 6. Furthermore, the court did not apply any enhancement in relation to the use or possession of

a firearm. CR Dkt. No. 32.  Therefore, regardless of its retroactive application, the holding in Johnson does not directly provide Cortinas-Benavides with a vehicle to relief.

### C. Gonzalez-Longoria Affords No Relief

Cortinas-Benavides makes the related argument that she is entitled to habeas relief because the Supreme Court's analysis of the residual clause in Johnson applies equally to the term "crime of violence" as contained in 18 U.S.C. § 16. Dkt. No. 1.  Section 16 defines a "crime of violence" as

> (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

A Fifth Circuit panel recently addressed this issue – in the context of an 8 U.S.C. § 1326 sentencing enhancement for a prior crime of violence – in U.S. v. Gonzalez-Longoria, 813 F.3d 225 (5th Cir. 2016).  There, the panel held the statutory definition of "crime of violence," found at 18 U.S.C. § 16, is unconstitutionally vague because it "requires courts both to imagine an ordinary/archetypical case and then to judge that imagined case against [an] imprecise standard." Gonzalez, 813 F.3d at 235.  Any relief that Cortinas-Benavides may have found in that decision was short-lived; the panel opinion was withdrawn and Gonzalez-Longoria is pending consideration  en banc.[4]

"It is well settled that when the Fifth Circuit grants rehearing en banc, the panel opinion is vacated and has no precedential value." Barrow v. Greenville Indep. Sch. Dist., 2005 U.S. Dist. WL 1867292 (N.D. Tex. 2005); see also 5th Cir. R. 41.3.  When a court decision is vacated its "ruling and guidance" are "erased." See U.S. v. Windsor, 133 S. Ct. 2675, 2688 (2013); U.S. ex. rel. Marcy v. Rowan Co., 520 F.3d 384, 389 (5th Cir. 2008). Since the Fifth Circuit has granted rehearing en banc for Gonzalez-Longoria, it is of no

---

[4] 813 F.3d 225 (5th Cir. 2016) (discussing the application of U.S.S.G. § 2L1.2(b)(1)(c), 8 U.S.C. § 1101(a)(43), and 18 U.S.C. § 16, and finding 18 U.S.C. § 16 to be unconstitutionally vague), reh'g en banc ordered, 815 F.3d 189.

precedential value whatsoever.

Moreover, even if the Fifth Circuit en banc decision is substantially the same as the panel's decision, it has no effect in the instant petition, because Cortinas-Benavides's sentence was not enhanced for a "crime of violence" under 8 U.S.C. §1101(a)(43)(F) or 18 U.S.C. § 16. See CR Dkt. No. 32, p. 4. Instead, her sentence was enhanced because she had a prior alien smuggling conviction – not for a "crime of violence." Accordingly, the analysis in Johnson and the panel's decision in Gonzalez-Longoria are not applicable to Cortinas-Benavides's case.

An examination of Cortinas-Benavides's sentence clearly shows that there was no error. Pursuant to U.S.S.G. 2L1.2(b)(1)(A)(vii), a 16 level enhancement was added to Cortinas-Benavides's sentence because she has a prior alien smuggling conviction. This conviction is defined by the statute, not by reference to a residual "crime of violence" provision.

Cortinas-Benavides's criminal history shows that she was previously convicted of transporting undocumented aliens in the United States, a violation of 8 U.S.C. § 1324(a)(1)(A)(ii). An "alien smuggling offense" is defined in the Sentencing Guidelines by reference to how the term is used in 8 U.S.C. § 1101(a)(43)(N). See Commentary on U.S.S.G. § 2L1.2. The term "alien smuggling" as used in 8 U.S.C. § 1101(a)(43)(N) specifically references any conviction under 8 U.S.C. § 1324(a)(1)(A). As a result, the Sentencing Guidelines and the statute both define any conviction under 8 U.S.C. § 1324(a)(1)(A) as an "alien smuggling" offense for purposes of sentencing enhancements under U.S.S.G. 2L1.2.

Moreover, the statutes in question – 8 U.S.C. § 1101(a)(43)(N) and 8 U.S.C. § 1324(a)(1)(A) – do not contain, or incorporate, any phrases or clauses resembling those "catch-all" or vague terms considered unconstitutional in Johnson and Gonzalez-Longoria. See 8 U.S.C. § 1101(a)(43)(N); 8 U.S.C. § 1324(a)(1)(A).

Thus, Cortinas-Benavides's reliance on Johnson and its progeny is factually and legally misplaced. For those reasons, her claim is meritless and should be denied.

**IV. Recommendation**

WHEREFORE it is **RECOMMENDED** that the Petitioner Sylvia Cortinas-Benavides's Motion to Vacate, Set Aside or Correct her Sentence pursuant to 28 U.S.C. § 2255, Dkt. No. 1, be **DENIED**.

### A. Certificate of Appealability

Unless a circuit justice or judge issues a Certificate of Appealability ("COA"), a petitioner may not appeal the denial of a § 2255 motion to the Fifth Circuit. 28 U.S.C. § 2253(a),(c)(1). A petitioner may receive a COA only if she makes a "substantial showing of the denial of a constitutional right." § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). To satisfy this standard, a petitioner must demonstrate that jurists of reason could disagree with the court's resolution of her constitutional claims or that jurists could conclude that the issues presented are adequate to deserve encouragement to proceed further. Id. at 327; Moreno v. Dretke, 450 F.3d 158, 163 (5th Cir. 2006). A district court may sua sponte rule on a COA because the court that denies relief to a petitioner is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000).

After reviewing Cortinas-Benavides's § 2255 motion and the applicable Fifth Circuit precedent, the Court is confident that no outstanding issue would be debatable among jurists of reason. Although Cortinas-Benavides's § 2255 motion raises issues that the Court has carefully considered, she fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Accordingly, it is **RECOMMENDED** that a COA should be denied.

### B. Notice to Parties

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Andrew S. Hanen, United States District Judge. 28 U.S.C. § 636(b)(1) (eff. Dec. 1, 2009). Failure to timely file objections shall bar the parties from a de novo determination

by the District Judge of an issue covered in the report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district court, except upon grounds of plain error or manifest injustice. See § 636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

    DONE at Brownsville, Texas, on July 27, 2016.

                                                                 _____
                                                                 Ronald G. Morgan
                                                                 United States Magistrate Judge